## STATE VS. BLONIEN.

JUSTICES' COURTS. (1, 2) *When one sued for obstructing highway, can dispute the existence of the highway.* (3) *Question of evidence to show obstruction not willful, not here involved.*

1. In an action before a justice of the peace for the statutory penalty for obstructing a highway, unless the defendant by his answer denies the existence of the highway (averring the title and possession of the *locus in quo* to be in himself), and gives the bond required by the statute, he cannot dispute before the justice the existence of the highway.

2. Where, in such an action, defendant merely answered by a general denial, and offered evidence to show " that the place where the obstruc-

tions were placed was not a highway, and also to prove that the alleged highway had been discontinued," the evidence was properly rejected by the justice.

3. The evidence not having been offered for the purpose of showing that the obstruction was not ."willful," within the meaning of the statute, this court declines to consider whether it would have been admissible for that purpose.

APPEAL from · the Circuit Court for *Fond du Lac* County.

Action under sec. 101, ch. 19, R. S., to recover the penalty for an alleged willful obstruction of a highway. From a judgment entered against him in justice's court, where the action was commenced, the defendant appealed to the circuit court; and, the judgment of the justice being there affirmed, he appealed to this court.

The case is sufficiently stated in the opinion.

*Ed. S. Bragg,* of counsel, for appellant:

1. To make a cause of action under the statute (R. S., ch. 19, sec. 101), it is necessary to allege and prove the existence of a highway. If it be true that the question of highway or no highway involves the title to land (*State v. Doane,* 14 Wis., 485; *State v. Huck,* 29 id., 202; *Barteau v. Appleton,* 23 id., 414), then the plaintiff, upon the case made in his complaint, shows that title is involved; and the justice has no more right to try such an action than he has to try an ejectment. In fact, upon the supposition stated, the only difference in legal effect between the two actions is, that in ejectment the plaintiff alleges that he has an estate in the premises, specifying its nature and extent, and that the defendant unlawfully withholds the possession; while in actions under this statute the complaint alleges an estate in the public, and an unlawful interference by defendant with the possession and enjoyment of · it by the public. It would follow that upon the complaint a case was stated of which the justice had no jurisdiction, and all proceedings had by him thereafter were *coram non judice.* R. S., ch. 120, sec. 101. 2. The true view of the law seems to be, that

the action is a *possessory* one merely, and not one involving title; that the right of the public in a highway is merely an easement, subject to which the title of the owner of the fee is absolute (Thompson on Highways, 21 et seq.); and that an allegation of the existence of a highway is only an allegation of the right of the public to the possession and use of the *locus in quo*, and a denial of it merely a denial of such right; a position which is sustained by the fact that a plea by defendant in the suit at bar, that he was seized in fee of the land claimed as a highway, would have been no defense. In this view of the case, the testimony offered by defendant and excluded, should have been admitted.   3. Defendant offered to prove that the plaintiff, through its officers, had abandoned the use of the *locus in quo* by a discontinuance of the pretended highway. Independent of the considerations urged above, the testimony was admissible upon two grounds: first, that it tended to *disprove the willfulness* required to render the acts of obstruction penal; and second, that the order of discontinuance was a license to plaintiff to close up the hitherto traveled way.

*Taylor & Sutherland*, for respondent, relied upon the cases of *Barteau v. City of Appleton*, 23 Wis., 414; *State v. Doane*, 14 id., 483; *Soule v. State*, 19 id., 595; *State v. Huck*, 29 id., 202; 10 id., 511, and cases cited; and *State v. Preston*, 34 id., 675.

COLE, J.   This was an action commenced before a justice to recover the statutory penalty for willfully obstructing a highway. The defendant pleaded the general issue, and on the trial claimed the right to show that the *locus in quo* was not a highway, but had been discontinued by the proper authorities prior to the time of the alleged obstruction. The testimony was objected to, and excluded by the justice. And the only question presented on the record is, whether, under the circumstances, the defendant was entitled to make that proof.

In a number of cases which have come before this court, it

has been in effect decided, that unless the defendant in his answer denies the existence of the highway, averring the title and possession to be in himself, and gives the bond required by the statute, he is precluded from going into the question of title in his defense, or disputing the existence of the highway, on the trial before the justice. *Manny v. Smith*, 10 Wis., 510 ; *State v. Doane*, 14 id., 484 ; *Soule v. The State*, 19 id., 594 ; *Ashbough v. Walter*, 24 id., 466 ; *State v. Huck*, 29 id., 202 ; and *State v. Preston*, 34 id., 675.

The ingenious counsel for the defendant sharply criticises the doctrine of these cases, and claims that the reasoning by which they are sustained is illogical and unsound. Without attempt- ing to vindicate these cases from this criticism, we will merely add in reply to it, that, even if just, this is emphatically a case when it is better to adhere to a construction of the statute already well established, rather than adopt a new construction out of deference to some supposed logical consistency. It would not be a difficult task to show, we think, if the question were new, that an inquiry whether the *locus in quo* was a high- way involved a question of title to lands, within the meaning of the statute. But enough has been said upon that point in the opinions above cited. It is said that it was essential to allege and prove on the part of the state the existence of a highway and an obstruction to it, in order to make out a case under the statute ; and that the plaintiff in so doing necessarily shows that the justice has no jurisdiction. But unless the defendant denies the existence of the highway, the mere denial of the trespass only puts in issue the question whether he has ob- structed the highway. A party may admit the existence of the highway, and deny that he has obstructed it. If he wishes to raise the question whether a highway exists or not, he must do so in his answer, and by giving the bond. Then the justice is required to certify the cause to the circuit court for trial ; but if the bond be not given as directed, then the statute declares that the justice shall have jurisdiction of the case, and the de-

fendant shall be precluded in his defense from all evidence drawing in question title to lands. Sec. 53, ch. 120, R. S. As it seems to us, the language of the statute is too plain to admit of doubt as to its proper construction.

But again, it is said, the evidence offered disproved the "*willfulness*" required to make the act of obstruction penal. It is a sufficient answer to this point to observe that the evidence was not offered for the purpose of disproving the charge of a willful obstruction, but to show "that the place where the obstructions were placed was not a highway, and also to prove that said alleged highway had been discontinued by the supervisors of the town."

*By the Court.*—The judgment of the circuit court is affirmed.